IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEGAN M. GOSCHKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) CASE NUMBER_____ |
| CITY OF DICKSON, TENNESSEE; | ) |
| CITY OF DICKSON POLICE DEPT., | ) JURY DEMAND (12) |
| Dickson, Tennessee, & JESSICA CHOATE, | ) |
| In her Individual Capacity and as Patrol | ) |
| Officer with the Dickson Police Department, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

This is a civil action arising from the unlawful arrest of Ms. Megan M. Goschke on April 5, 2024, during a traffic stop initiated by Patrol Officer Jessica Choate, in the City of Dickson, Dickson County, TN. Defendant members of the Dickson Police Department committed an unreasonable search and seizure and arrested Ms. Goschke without probable cause that resulted in injury. The Defendants are sued for violations of Ms. Goschke's rights under the United States Constitution and the common law.

## I. JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Fourth and Fourteenth Amendments of the United States Constitution, and pendent claims under Tennessee State Law.

2. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343(a)(3)(4), and § 1367(a). This Court has jurisdiction over the Plaintiff's claims of violation of civil rights under

1

42 U.S.C. § 1983. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the factual acts and omissions which give rise to this cause of action occurred within this district and within one year of the filing of this complaint and this Court otherwise has jurisdiction.

## II. PARTIES

3. The Plaintiff, Megan M. Goschke, is a citizen and resident of the United States, domiciled in Dickson County, Tennessee.

4. Defendant City of Dickson, Tennessee, is a political subdivision of the State of Tennessee, Defendant is and was at all times relevant responsible for the training and supervision of Defendant Jessica Choate. The City of Dickson at all times relevant had the responsibility, and/or delegated to Defendant Dickson Police Department, the responsibility to establish and implement policies, practices, procedures and customs, used by law enforcement officers employed by the Dickson Police Department regarding lawful arrests. At all times, the City of Dickson was acting under color of state law. The agent for service of process is Ross V. Smith, Assistant City Attorney, City of Dickson, located at 150 Third Avenue South, Suite 2800, Nashville, TN 37201.

5. Defendant Jessica Choate is a citizen and resident of Dickson County, Tennessee, and was at all times material to the allegations in this complaint, acting in her capacity as a City of Dickson Patrol Officer and was acting under color of state law. She is sued in her individual and official capacity.

6. Defendant City of Dickson had the responsibility to institute adequate policies and procedures regarding its enforcement officers' making an arrest of City of Dickon citizens prior to April 5, 2024.

7. Defendant City of Dickson had the responsibility to properly train its officers in the correct determination and/or application of probable cause when detaining citizens or making an arrest of City of Dickson citizens prior to April 5, 2024.

8. Each and all of the acts of the Individual Defendants and other members of the Dickson Police Department involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America and the State of Tennessee, City of Dickson, under the color of law and by virtue of their authority as law enforcement officers for the City of Dickson and in the course and scope of their employment with the City of Dickson, and the Dickson Police Department.

### III. FACTUAL ALLEGATIONS

9. On April 5, 2024, at 10:11 A.M., Plaintiff was driving on Suzanne Drive in the city limits of Dickson, Dickson County, Tennessee.

10. At the date and time of this incident, Suzanne Drive was an unmarked access road and was not divided into two or more clearly marked lanes for traffic, and, in fact, was not marked at all, clearly or otherwise.

11. At this exact time, Officer Choate, with the Dickson Police Department, was traveling in the opposite direction of Plaintiff in her marked patrol unit.

12. Once Plaintiff's vehicle passed by, Officer Choate reversed course, proceeded to follow Plaintiff's vehicle and activated her blue lights to initiate a traffic stop on Plaintiff's vehicle.

13. The Plaintiff complied fully and waited calmly in her vehicle as Officer Choate approached.

14. Officer Choate stated the basis for the stop was two-fold: (1) Plaintiff failed to maintain her lane, and (2) Plaintiff failed to stop at a stop sign.

15. Plaintiff affirmatively states, and Officer Choate's dash cam clearly illustrates, that the road Plaintiff was traveling on was not lined for travel which is clearly required for the purposes of *Tennessee Code Annotated* § 55-8-123.

16. Further, this same dash cam footage clearly contradicts Officer Choate's assessment and observation of the location of Plaintiff's vehicle as it traveled on the roadway in question.

17. Plaintiff further affirmatively states a large car hauler, which can be seen on said dash cam footage, was obstructing her view of any oncoming traffic and she simply "rolled" through the stop sign in order to safely check for oncoming traffic and avoid endangering any other motorists.

18. Officer Choate then asked Plaintiff for her driver's license, registration, and proof of insurance.

19. Plaintiff complied with this request and continued to answer Officer Choate's questions without incident.

4

20. During this time, Plaintiff showed no signs of impairment or any indication that she was under the influence of an intoxicant or otherwise engaging in unlawful behavior; Plaintiff is cooperative, clear and concise with her answers, and respectful during the police/citizen encounter.

21. Despite Plaintiff producing all necessary documentation as requested, Officer Choate, without any specific or articulable facts, requested the presence of another Officer to her location.

22. Officer Choate returned to her patrol car and without any specific reason or stated facts to the Plaintiff regarding impairment, immediately requests central dispatch to check Plaintiff's history for any prior convictions of Driving Under the Influence ("DUI").

23. Officer Choate discussed said traffic stop with Detective Tony Campbell, Dickson Police Department, who had arrived on scene, pursuant to her request, and completely mischaracterized her interaction with the Plaintiff up to this point.

24. Officer Choate clearly indicated that, at this point of the interaction, she is merely operating off of a "hunch" as opposed to specific, articulable facts to support her assumptions. To wit, Officer Choate states, "I don't know, something is up with her." "I don't think its alcohol or anything but something."

25. Officer Choate predetermined she would have Plaintiff perform field sobriety tests and approached Plaintiff's vehicle the second time and ordered Plaintiff out of her vehicle.

26. Officer Choate then advised Plaintiff that she was "just going to check her eyes" and make sure Plaintiff was ok to drive.

27. Once out of the vehicle, Officer Choate again inaccurately advised Plaintiff that she was driving on the opposite side of the roadway.

28. Plaintiff informed Officer Choate that another Officer with the Dickson Police Department had recently stopped her, and had falsely accused her of DUI thereby showing a clear pattern of such behavior on the part of the Dickson Police Department and its officers.

29. Plaintiff was never asked for consent to perform any tests, HGN or other field sobriety tests prior to exiting her vehicle, however, Plaintiff was nonetheless compliant and followed Officer Choate's instructions.

30. Plaintiff affirmatively asserts that this was an unreasonable and unlawful extension of the traffic stop without a proper basis.

31. Officer Choate then conducted a series of field sobriety tests which consisted of the Horizontal Gaze Nystagmus ("HGN") Test, Walk and Turn Test, One Leg Stand Test and a Romberg Test.

32. Officer Choate did not ask Plaintiff if she consented to taking any such field sobriety tests; although Plaintiff politely complied with the officer's instructions without protest.

33. Based on body cam footage, Plaintiff satisfactorily completed each test conducted by Officer Choate.

34. Officer Choate returned to her patrol car and advised Detective Tony Campbell that she observed some clues during the HGN test, although Officer Choate used words such as "I feel like" and "I couldn't tell" and ultimately sounded uncertain of the results and her observations.

35. Such indecisiveness would suggest that Officer Choate had no basis to effectuate an arrest of the Plaintiff based on her observations.

36. Further, Officer Choate stated that Plaintiff's "pupils are pinpoint" without any expertise or prior knowledge pertaining to optometry or the study of the eyes.

37. Further, Officer Choate had no knowledge of Plaintiff's prior medical history, nor did she inquire as to same.

38. Officer Choate appeared to allow other officers, including Detective Campbell, as well as other Officers who had then arrived on scene, believed to be superior in rank to Officer Choate, to affect her decision to place Plaintiff under arrest instead of relying on specific, articulable facts or observations.

39. Officer Choate then arrested Plaintiff without probable cause on charges of Driving Under the Influence in violation of *Tennessee Code Annotated* § 55-10-401, a copy of the Affidavit of Complaint being attached hereto as Exhibit A.

40. Plaintiff would reaffirm her assertion that the body camera footage showed she had successfully performed the tests administered by Officer Choate.

41. Shocked and offended, Plaintiff made an immediate verbal request to be transported to the hospital for the purposes of a blood draw to prove her innocence, which is not her burden under the United States Constitution.

42. Plaintiff was then placed in the back of the patrol car, despondent, dehumanized, handcuffed and, in fact, sober as established by the blood test subsequently administered.

43. No reasonable person, much less a law enforcement officer, would have believed or suspected that Plaintiff was driving under the influence.

44. After arrest, Office Choate conducted a search of Plaintiff's vehicle.

45. After conducting said search, Officer Choate located prescription bottles which clearly indicated they were prescribed to the Plaintiff.

46. Even with this learned knowledge, Officer Choate made the decision to issue a Citation charging Plaintiff with Possession of Legend Drugs in violation of *Tennessee Code Annotated* § 55-10-104, a copy of same being attached hereto as Exhibit B.

47. As previously stated herein, Plaintiff consented to a blood draw, was transported to Horizon Medical Center, and subsequently transported to the Dickson County Jail to be processed.

48. As expected, Plaintiff affirmatively states that the blood tests administered to her on April 5, 2024, and subsequently analyzed by the Tennessee Bureau of Investigation ("TBI") were negative for Ethyl Alcohol, basic drugs, opiates, buprenorphine, cannabinoids, cocaine, barbiturates, benzodiazepines, methamphetamine, fentanyl, oxycodone and/or oxymorphone as indicated by the results of the TBI "Official Alcohol Report" and "Official Toxicology Report", attached hereto as Collective Exhibit C.

49. Further, TBI analysis of the prescription pills seized by Officer Choate, pursuant to the aforementioned Citation, proved to be non-controlled substances, a copy of the TBI "Official Forensic Chemistry Report" being attached hereto Exhibit D.

50. Plaintiff spent several hours in jail, her mugshot was taken and made publicly available, and her vehicle was towed to a local tow lot in Dickson County.

51. Plaintiff incurred $2,500.00 in attorney fees, was required to post bond, incurred towing expenses and subsequently lost her job as a result of said unlawful arrest.

52. Lacking any evidence of an arrestable offense committed by the Plaintiff, the charges against the Plaintiff, including the Warrant and Citation, were dismissed in the General Sessions Court of Dickson County on August 22, 2024, a copy of the Orders of Dismissal being attached hereto as Collective Exhibit E.

53. Upon information and belief, supervisory personnel with the Dickson Police Department, after these baseless charges were dismissed, and apparently armed with the knowledge of the facts stated herein, requested a note be provided from the Twenty-Third Judicial District Attorney's Office stating something to the effect that Officer Choate may have been mistaken as to some alleged medical condition.

54. This shows acquiescence, ratification and deliberate indifference with regard to Officer Choate's outrageous actions in arresting the Defendant.

55. Officer Choate, after making initial contact with Plaintiff, had no valid legal basis to extend the traffic stop beyond the issuance of a citation for violation of the traffic control device, assuming, *arguendo*, that she had any reasonable suspicion that Plaintiff had committed that offense, which Plaintiff does not concede.

56. Officer Choate had no valid legal basis to cause Plaintiff to perform field sobriety tests.

57. After performing said tests, Officer Choate had no valid legal basis to arrest Plaintiff.

58. At all times, Officer Choate was acting under Color of Law as an agent and Officer of the Dickson Police Department.

59. Officer Choate knew, or should have known, there was no probable cause to arrest the Plaintiff. Further, Officer Choate did confine Ms. Goschke against her will.

60. The Plaintiff suffered severe emotional distress and loss of enjoyment of life due to the actions of Officer Choate and the Dickson Police Department.

61. The Dickson Police Department is responsible for the training and conduct of their employees, agents and officers.

62. Each of the defendants individually, and in concert with the others acted under color of law in their official capacity, to deprive Ms. Goschke of her rights to freedom from illegal searches and seizure of her person and her right to freedom from unlawful arrest, detention, harm, punishment, and imprisonment; said rights secured to Plaintiff by the Fourth and Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. § 1983 and 1988.

63. As a direct and proximate result of the intentional, willful and/or recklessly indifferent acts of the defendants, Plaintiff has suffered and sustained severe mental pain and suffering and injury, as evidenced by the correspondence from Mental Health Cooperative, dated September 5, 2024, and attached hereto as Exhibit F.

64. Plaintiff is entitled to compensation for the constitutional harms that the defendants inflicted upon her including emotional distress, loss of liberty, and violation of her constitutional rights.

65. The Defendant City of Dickson had an existing policy and procedure, and/or failed to properly train and/or improperly supervised its officers as to same. This constitutes an actionable cause against the City of Dickson in violation of the Plaintiff's Fourth and Fourteenth Amendment rights under the Constitution of the United States.

66. The above-described deprivations of Plaintiffs constitutional rights are a direct and proximate result of the actions, omissions, policies, and customs of Defendant City of Dickson and all Defendants who knew or should have known that the policies, customs, and conduct violated clearly established constitutional rights that would have been apparent to reasonable persons.

## COUNT I

Fourth Amendment—Unlawful Seizure—Arrest without Probable Cause

67. The Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1-66 herein.

68. In committing the acts complained of herein, Defendants acted under of color of state law to deprive Ms. Goschke of certain constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution including but not limited to the right to be free from unreasonable searches and seizure, the right not to be deprived of liberty without due process of law, the right not to be

deprived of property without due process of law, and the right to be free from false arrest by persons acting under color of state law.

69. In violating Ms. Goschke's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized warrantless search and seizure of Ms. Goschke. Further, Defendants lacked reasonable suspicion and probable cause to arrest Ms. Goschke on charges of DUI, Failure to Maintain Lane and Possession of Legend Drugs.

70. The acts of Officer Choate violated Ms. Goschke's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

71. The acquiescence, ratification and deliberate indifference of the Dickson Police Department, and therefore, the City of Dickson, Tennessee, as to Officer Choate's actions, violated Ms. Goschke's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

72. Plaintiff Goschke suffered damages associated with her arrest including but not limited to lost wages, legal fees, and towing expenses.

73. The Defendants acted intentionally, maliciously, or with callous disregard for Plaintiff's rights.

74. As a direct and proximate result of the acts and omissions of Officer Choate, Plaintiff Goschke suffered a violation of her constitutional rights, harm to her reputation and standing in the community, mental distress, shame, humiliation, and

embarrassment, and was therefore damaged in an amount to be determined by a jury.

WHEREFORE, the Plaintiff, Ms. Goschke seeks judgment against Officer Choate and the City of Dickson in an amount to be determined by a jury for compensatory and punitive damages, plus attorney fees and costs.

## COUNT II

False Arrest and Illegal Search as to Officer Choate

75. The Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1-74 herein.

76. To establish a state-law claim for false arrest and imprisonment, a plaintiff must prove: (1) a detention or restraint against the plaintiff's will; (2) the unlawfulness of such detention or restraint.

77. False imprisonment requires that a defendant must have acted without probable cause.

78. For substantially the same reasons stated above as to the preceding Fourth Amendment claim, the Defendant falsely arrested and falsely imprisoned the Plaintiff.

79. As previously discussed, Plaintiff should have only received a citation if Defendant Choate properly witnessed Plaintiff violate a traffic control device.

80. Officer Choate violated the Plaintiff's rights by placing her under arrest, against her will, and without probable cause to believe that she was driving under the influence and possessed legend drugs.

81. The illegal search of Plaintiff's vehicle and person was a deprivation of her civil rights to be free from unlawful searches under the Fourth Amendment.

82. A reasonably well-trained officer would know that there were no specific or articulable facts to justify searching Plaintiff's person and vehicle.

83. A reasonable person in Plaintiff's position would not have felt free to leave.

84. The seizure was made without probable cause and without legal process.

85. Plaintiff was transported to Horizon Medical Center following her unlawful arrest to provide a blood sample supporting her position that she in fact was not under the influence.

86. The aforesaid acts of Officer Choate were taken within the scope of her employment with the Dickson Police Department.

87. The unlawful acts of Officer Choate were the direct, proximate cause of Ms. Goschke's injuries.

WHEREFORE, the Plaintiff, Ms. Goschke seeks judgment against Officer Choate and the City of Dickson in an amount to be determined by a jury for compensatory and punitive damages, plus attorney fees and costs.

## COUNT III

Common Law—Negligent Infliction of Emotional Distress as to Officer Choate

88. The Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1-87 herein.

89. The actions or inactions of Defendant Choate in this case have inflicted emotional distress on the Plaintiff.

90. The conduct of Officer Choate was negligent and caused Ms. Goschke harm and/or severe emotional distress.

91. Officer Choate breached a duty to the Ms. Goschke to use due care in the performance of her duties before arresting, detaining and restricting the liberty of the Ms. Goschke or any citizen.

92. Officer Choate's actions were proximate cause of Ms. Goschke's emotional distress and suffering by subjecting her to the embarrassment and humiliation of an unlawful arrest, processing at the Dickson County Jail and further acts of mental anguish by publication and through the course of further proceedings.

93. The negligent acts of Officer Choate were taken within the scope of her employment by the City of Dickson and the Dickson Police Department.

WHEREFORE, the Plaintiff, Ms. Goschke seeks judgment against Officer Choate and the City of Dickson in an amount to be determined by a jury for compensatory and punitive damages, plus attorney fees and costs.

## PRAYER FOR RELIEF

A. That process be issued to the Defendants and that they be required to answer in the time required by law;

B. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein;

C. That Plaintiff be awarded those damages to which it may appear that she is entitled by proof submitted in this case for her mental pain and suffering both past and future, loss

of enjoyment of life, and the violation of her rights guaranteed to her by the Fourth and Fourteenth Amendments to the Constitution of the United States;

D.  Compensatory damages of at least Three Hundred Thousand Dollars ($300,000.00) or such other amount supported by the evidence at trial;

E.  Punitive damages in an amount to sufficiently deter Defendants from engaging in future behavior as described in this Complaint;

F.  That as to all Defendants that the Plaintiff be awarded reasonable expenses including reasonable attorney's fees, expert fees, court costs, and discretionary costs pursuant to 42 U.S.C. § 1988 (b) and (c);

G.  Pre- and post-judgment interest at the legal rate; and

H.  That Plaintiff receive any other further and general relief to which it may appear that she is entitled;

I.  That a jury of twelve (12) is demanded.

Respectfully submitted,

*/s/ Mark E. Atchison*
**Mark E. Atchison, BPR# 037213**
BAKER LAW GROUP, PLLC
9 Court Square | P.O. Box 250
Charlotte, TN 37036
(615) 789-3164
(615) 789-6390- fax
mark@bakerlawgrp.com
*Attorney for Plaintiff*